# In the United States Court of Federal Claims

19-1774C
Filed: July 13, 2020
NOT FOR PUBLICATION

| | |
|---|---|
| **CECIL AVERY,** *Plaintiff,* v. **UNITED STATES,** *Defendant.* | Keywords: *Pro Se*; Motion to Dismiss; RCFC 12(b)(1); Non-Justiciability; Airman's Medal |

## OPINION AND ORDER

**HERTLING**, Judge

On November 14, 2019, Cecil Avery filed this action *pro se*, challenging the denial by the Air Force Board for Correction of Military Records ("the Board") of his motion for reconsideration of his claim for an Airman's Medal. (*See* Complaint.) The defendant, the United States, acting through the Department of the Air Force (the "Air Force"), has moved to dismiss Mr. Avery's claim. The Air Force argues both that Mr. Avery has not met his burden to establish jurisdiction under the Administrative Procedure Act or the Tucker Act, and that his claim is non-justiciable and time-barred.

The Court finds that it lacks jurisdiction over the claim, which is non-justiciable, and grants the motion to dismiss.

## I.   BACKGROUND

Mr. Avery is retired from the Air Force. The plaintiff's complaint raises only that he challenges a decision of the Board, without additional facts. The factual background in this case is derived from the defendant's motion to dismiss and its supporting exhibits, which include Mr. Avery's 2015 application to correct his military records; his 1990 application; the Board's 1992 record of proceedings; a 1993 letter from the Board declining to hear Mr. Avery's application because he had not exhausted administrative remedies; the 2013 second addendum to the Board's record of Mr. Avery's proceedings; and a 2015 letter from the Board declining to reconsider Mr. Avery's application. For the purpose of the motion to dismiss, the Court may consider the factual background provided by the defendant in order to establish whether jurisdiction over the complaint exists.

This case concerns a series of actions that Mr. Avery alleges he took in 1990, when he reported "an escort violation" on base, evacuated a building after "a bomb threat," and rescued

"a Korean national" from a restaurant. Those actions, he claims, entitled him to an award of the Airman's Medal.[1]

Mr. Avery first sought the Airman's Medal from the Board in October 1991, but the Board denied his claim in February 1992, finding that it was "not certain what award if any, he would have been recommended for based on these achievements." Mr. Avery applied to the Board for the Airman's Medal again in March 1993, and on this second occasion the Board responded with a letter, recommending that he be considered for the Medal. The Board "approved a waiver to the time limitations established in [Air Force Regulation] 900-48, paragraph 3-7" and informed Mr. Avery that "[t]he attached recommendation and a copy of this letter should be entered into official channels[,]" which would require "the recommending official [to] forward the recommendation to the next level in the chain of command to which you were assigned at the time of the act."

The record does not show that Mr. Avery followed the administrative procedures set forth in the Board's 1993 letter. Instead, Mr. Avery reapplied to the Board in April 1994 for the Airman's Medal. The Board again denied Mr. Avery's application in May 1995 on the ground that Mr. Avery "had not exhausted all administrative remedies available for relief." Between 1995 and 2013, Mr. Avery made several other applications for the Medal or requests for reconsideration of his previous applications to the Board, which denied each because it found that Mr. Avery had not met the criteria for reconsideration. The defendant did not provide those decisions. In 2013, the Board again rejected Mr. Avery's application for reconsideration and noted that its decision was final, and, absent judicial action, it would not reconsider that decision.

Mr. Avery applied again for relief in 2015, which the Board denied because it was essentially the same as his 1994 request:

> We have examined your recent application and, inasmuch as it contains essentially a similar request which was previously considered and denied by the Board and you have provided no new relevant evidence, we find that it does not meet the criteria for reconsideration by the Board. Once a case has been considered and denied by the Board established by law for that purpose, reconsideration is authorized only where newly discovered relevant evidence is presented which was not available when the application was originally submitted. Additionally, the reiteration of facts previously addressed by the Board, uncorroborated personal observations, or additional arguments on the evidence of record are also not grounds for reopening a case.

Mr. Avery filed this complaint in November 2019, alleging that the Board's actions were arbitrary, capricious and contrary to law.

---

[1] The Complaint seeks the award of the Airman's Medal and other unspecified relief requested from the Board. The Court presumes that that other relief includes the discretionary ten percent increase in retirement pay that may accompany the award of the Airman's Medal.

## II.     DISCUSSION

### A.     Standard of Review

This Court "tests the sufficiency of the complaint as a matter of law, accepting as true all non-conclusory allegations of fact, construed in the light most favorable to the plaintiff." *Samish Indian Nation v. United States*, 419 F.3d 1355, 1364 (Fed. Cir. 2005). The plaintiff bears the burden of establishing the court's subject-matter jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

The plaintiff is proceeding *pro se*, so his pleadings are entitled to a more liberal construction than the Court would give to pleadings prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Giving a *pro se* litigant's pleadings a liberal interpretation and construction does not divest the *pro se* plaintiff of the responsibility of having to demonstrate that he has satisfied the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain. *See, e.g., Kelly v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019).

### B.     Subject-Matter Jurisdiction

This Court's jurisdiction is established by the Tucker Act, 28 U.S.C. § 1491(a), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Supreme Court has interpreted the Tucker Act to waive sovereign immunity to allow jurisdiction in the Court of Federal Claims if a claim is (1) founded on an express or implied contract with the United States; (2) seeking a refund of a payment previously made to the United States; or (3) based on federal constitutional, statutory, or regulatory law mandating compensation for damages sustained, unless arising from a tort. *See United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States." *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941) (the United States is the only defendant against which this Court may hear claims). To invoke this Court's limited jurisdiction, a plaintiff must rely on a statute or regulation that is money-mandating, meaning the source of alleged liability "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Testan*, 424 U.S. 392, 400 (1976). Any money-mandating statute "must grant a right of action with specificity." *Collins v. United States*, 67 F.3d 284, 286 (Fed. Cir. 1995) (citing *Testan*, 424 U.S. at 400). The plaintiff bears the burden of demonstrating that this Court has jurisdiction to entertain the action. *Smith v. United States*, 141 Fed. Cl. 241, 243 (2019) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988)).

In addition, the Tucker Act includes a statute of limitations, under which a claim in this Court expires "six years after such claim first accrues." 28 U.S.C. § 2501. "[S]ection 2501 'is a jurisdictional requirement attached by Congress as a condition of the government's waiver of sovereign immunity and, as such, must be strictly construed.'" *Brown Park Estates-Fairfield Dev. Co. v. United States*, 127 F.3d 1449, 1454 (Fed. Cir. 1997) (quoting *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1576-77 (Fed. Cir. 1988)). The statute of limitations begins to run when a claim accrues, which happens "when all the events have occurred that fix the alleged liability of the government and entitle the claimant to institute an action." *Ingrum v. United States*, 560 F.3d 1311, 1314 (Fed. Cir. 2009).

The starting point for determining whether this Court has jurisdiction is the plaintiff's complaint, which the Court interprets liberally. *See Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997).

**C.  Analysis**

Mr. Avery's complaint refers to acts that took place in 1990. Mr. Avery alleges these acts entitle him to an Airman's Medal. Though not evident from the face of the complaint, the Court assumes that Mr. Avery also seeks to secure the ten percent increase in retirement pay that may accompany the award of the Airman's Medal.

Mr. Avery's complaint only raises one timely issue—whether the Board's refusal to consider Mr. Avery's most recent request for reconsideration was arbitrary, capricious, or contrary to law. Under the six-year statute of limitations applicable to actions before the Court, none but the most recent of the Board's decisions in Mr. Avery's multiple applications to the Board would be subject to timely review by the Court.

The Court could review a decision by the Board not to reconsider an application for reconsideration of a prior decision if the underlying issue were justiciable. *See Voge v. United States*, 844 F.2d 776, 780 (Fed. Cir. 1988). The Court may not, however, review the Board's most recent denial of Mr. Avery's application because Mr. Avery's initial claim is both non-justiciable and beyond the Court's jurisdiction.

Mr. Avery's initial claim before the Board is outside the Court's jurisdiction to hear claims under money-mandating laws and regulations because under the relevant statutory and regulatory schemes the decision to award the Airman's Medal is discretionary, not money-mandating as required for this Court's jurisdiction under the Tucker Act.

"[A] statute (or regulation) providing that money 'may' be paid is not money mandating if the statute or regulation only authorizes but does not require the payment of money" unless a regulation promulgated under that statute requires the payment of money. *Roberts v. United States*, 745 F.3d 1158, 1164 (Fed. Cir. 2014). Air Force regulations that set the criteria for an award of the Airman's Medal provide that the decisions of whether to award the medal and whether to grant ten percent additional retirement pay for deeds of extraordinary heroism are discretionary, not mandatory. *See* 10 U.S.C. § 9280(a) ("The President *may* award a decoration called the 'Airman's Medal' . . . .") (emphasis added); Air Force Instruction ("AFI") 36-3203 ¶ 7.11 (Airman's Medal recipients "*may* be entitled to receive 10 percent additional retired pay")

4

(emphasis added); AFI 36.3203 ¶ 7.11.3 ("enlisted members who have been awarded . . . the Airman's Medal have been automatically *considered* for the additional 10 percent retired pay increase. *If they were approved* for the additional 10 percent increase in retirement pay, their special order approving the decoration will include a statement to that fact.") (emphasis added).[2] The statute and regulations do not require award of the medal or additional retirement pay for a medal recipient and, therefore, are not money-mandating so as to confer jurisdiction under the Tucker Act.

In addition, the Court of Appeals for the Federal Circuit has squarely held that courts cannot "'finally and effectively decide, under tests and standards [for award of the Airman's Medal] which they can soundly administer within their special field of competence,'" whether to award the Airman's Medal. *Voge*, 844 F.2d at 780 (quoting *Greene v. McElroy*, 254 F.2d 944, 953 (D.C. Cir. 1958), *rev'd on other grounds*, 360 U.S. 474, (1959)). There are no judicially enforceable standards for determining whether to award the Airman's Medal (or its discretionary retirement-pay increase). The statute only provides that the President *may* award the Medal for "heroism" outside of combat. 10 U.S.C. § 9280(a). The regulations implementing that statute delegate authority to the Secretary of the Air Force to award the Airman's Medal but provide no additional standards for that decision. *See, e.g.*, Exec. Order No. 13830, 83 Fed. Reg. 18,191 § 6(a) (Apr. 20, 2018); AFI 36- 3203 ¶ 7.11. The decision to award the Airman's Medal reflects "essentially professional military judgment[]" that is non-justiciable. *Voge*, 844 F.2d at 780. Given the initial claim to the Board was non-justiciable, a later decision by the Board not to reconsider the claim is also non-justiciable.

Because the decisions both to award the Airman's Medal and to authorize the ten percent increase in retirement pay are discretionary under the statute and its accompanying regulations, there is no money-mandating law on which Mr. Avery's claims rest. Accordingly, this Court lacks jurisdiction to hear Mr. Avery's initial claim before the Board, that Mr. Avery deserves an Airman's Medal and the discretionary ten percent retirement-pay increase that may accompany it. In addition, even if jurisdiction existed, Mr. Avery's claim is not subject to a judicial resolution.

The Court notes that if the plaintiff had provided more context for his request, the complaint could be read as alleging a procedural irregularity in the Board's review and an entitlement to consideration for the Airman's Medal. In certain circumstances, this court has jurisdiction to review the procedural regularity of otherwise discretionary military-records decisions, such as promotions. *See Miller v. United States*, 119 Fed. Cl. 717, 731 (2015) (quoting *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002) ("Where, however, a plaintiff seeks review 'not of the substance of a military decision, but instead its compliance with

---

[2] AFI 36-3203 ¶ 7.11.2 provides that recipients of awards for which "extraordinary heroism" is a criterion, such as the Medal of Honor and the Airman's Cross, are automatically entitled to the ten percent increase in retirement pay. For all other Air Force decorations, the Secretary of the Air Force must find that the airman exhibited "heroism" to entitle him or her to increased retirement pay. AFI 36-3203 ¶ 7.11.2 ("If heroism is involved in the award of any other medal to an enlisted member, [the Secretary] will determine, coincident to awarding the medal, *whether or not the additional 10 percent retirement pay will be authorized*.") (emphasis added).

5

an applicable statute or regulation,' this court may review a military promotion decision for procedural error."). Here, even if Mr. Avery were to have alleged facts that put his claim for the Airman's Medal in a similar context—alleging that a previous decision of the Board entitled him to consideration for the Medal that was later arbitrarily denied—this error would at most support an action in district court under the Administrative Procedure Act for injunctive relief ordering the Air Force to consider awarding him the Airman's Medal. Only if that consideration were to yield the award of the Medal, and the Air Force were thereafter to fail to consider the question of additional retirement pay would any potential right to consideration for additional retirement pay arise.

Finally, one reading of Mr. Avery's complaint is that he is seeking money damages for a violation of his Fifth Amendment due process rights from the Board's refusal to grant his application for reconsideration. The plaintiff has only alleged that his due process rights were violated; he has not alleged that the government took his property for public use. While the Fifth Amendment contains both the due process right and the takings clause, those clauses are independent. "A claim of deprivation of property without due process of law cannot be blended as one and the same with the claim that property has been taken for public use without just compensation." *Filler v. United States*, 116 Fed. Cl. 123, 131 (2014), *aff'd*, 602 F. App'x 518 (Fed. Cir. 2015) (quoting *Kizas v. Webster*, 707 F.2d 524, 539 (D.C. Cir. 1983)). Thus, there cannot be a taking when, as here, the complaint does not identify property taken and only alludes to a due process violation. A claim for a due process violation under the Fifth Amendment falls outside of this Court's jurisdiction. *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013).

No reading of the plaintiff's allegations supports a jurisdictional basis for proceeding in this Court, and even if the Court had jurisdiction, the complaint raises a non-justiciable issue. Accordingly, the plaintiff's complaint is **DISMISSED** with prejudice pursuant to Rules 12(b)(1) and 12(h)(3) of the Rules of the Court of Federal Claims. The Clerk is directed to enter judgment accordingly. No costs are awarded.

It is so **ORDERED**.

s/ Richard A, Hertling
RICHARD A. HERTLING
Judge
